IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:06CR124 |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| ERIC V. MILLER, | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing No. 67. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> Initial Consideration by the Judge. The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The record indicates that the defendant waived indictment and plead guilty to an Information charging him with possession with intent to distribute in excess of 5 grams of cocaine base, in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(B). *See* Filing No. 23. The court sentenced the defendant to the custody of the Bureau of Prisons for 188 months followed by 5 years supervised release. *See* Filing No. 30, Judgment in Criminal Case.

In his § 2255 motion, the defendant alleges a claim of ineffective assistance of counsel. To assert his claim for ineffective assistance of counsel, the defendant argues

that he received ineffective assistance of counsel because his attorney did not challenge the court's categorization of him as a career offender or the court's determination of his criminal history category. The defendant contends this constituted ineffective assistance because his attorney did not argue that his prior convictions were not crimes of violence.

It does not plainly appear from the motion and the record of prior proceedings that the defendant is not entitled to relief. Therefore, the court will order the United States to respond by answer to the defendant's claims.

THEREFORE, IT IS ORDERED:

1. That upon initial review, the court finds that summary dismissal of the defendant's § 2255 motion is not required.

2. That within 30 days of the date of this order, the United States shall file an answer to the defendant's § 2255 motion, supported by a brief.

3. That the defendant shall have 30 days from the filing of the government's answer and brief to file a reply brief.

DATED this 30th day of March, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge