IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:06CR124 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ERIC J. MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion for a certificate of appealability, Filing No. 93.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c). *Jones v. Delo*, 258 F.3d 893, 900-01 (8th Cir. 2001). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1) ("the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)"). Under the Federal Rules of Appellate Procedure, in a 28 U.S.C. § 2255 proceeding, "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it." Fed. R. App. P. 22(b)(1).

To make a substantial showing of the denial of a constitutional right, a petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve

encouragement to proceed further. *Bell v. Norris*, 586 F.3d 624, 632 n.3 (8th Cir. 2009); *Cox v. Norris*, 133 F.3d 565, 569 and n.2 (8th Cir. 1997) (applying AEDPA's standards and stating, "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings.").

Upon review of the record, the court concludes that the petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). The court denied petitioner's § 2255 motion, finding that Miller's claim of ineffective assistance of counsel lacked merit. Based on the record, reasonable jurists could not differ on Miller's failure to show prejudice as the result of any purported deficiencies of counsel. Further, the record shows that the district court would have imposed the same sentence regardless of whether his prior convictions counted as violent felonies under *Begay v. United States*, 553 U.S. 137, 142 (2008). Accordingly, the court finds Miller's motion for a certificate of appealability should be denied.

IT IS ORDERED that the defendant's Motion for Certificate of Appealability (Filing No. 93) is denied.

DATED this 4th day of June, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2