IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | 8:06CR124 |
| Plaintiff/Respondent,    ) | |
| ) | |
| v.                                         ) | |
| ) | ORDER |
| ERIC V. MILLER,                      ) | |
| ) | |
| Defendant/Petitioner.    ) | |

This matter is before the court on the plaintiff's notice of appeal. Filing No. 95. Under the Federal Rules of Appellate Procedure, a party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. *See* Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) (stating "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). "Good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). A lack of good faith is not shown by the mere fact that the appeal lacks merit but that the issues raised are so frivolous that the appeal would be dismissed if the case was that of a nonindigent litigant. *Coppedge v.*

*United States*, 369 U.S. 438, 447 (1962); *see also Lee*, 209 F.3d at 1026 (adopting *Coppedge* standard, post-Prison Litigation Reform Act (PLRA)).[1]

The court finds that there has been no showing that the defendant/petitioner's appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915, and the court will not so certify. Accordingly,

IT IS ORDERED that Eric V. Miller may proceed in forma pauperis on appeal.

DATED this 12th day of July, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[1] Although the Prison Litigation Reform Act ("PLRA") imposed additional restrictions on petitioners seeking to obtain in forma pauperis status in 28 U.S.C.A. § 1915(a)(2) and (b), those provisions do not apply to habeas actions filed under §§ 2241, 2254, or 2255. *See, e.g., Walker v. O'Brien*, 216 F.3d 626, 633-37 (7th Cir. 2000); *Sonnier v. Johnson*, 161 F.3d 941, 943 (5th Cir. 1998); *Smith v. Angelone*, 111 F.3d 1126, 1130-31 (4th Cir. 1997); *United States v. Levi*, 111 F.3d 995, 956 (D.C. Cir. 1997); *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997); *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996).

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.