IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:06CR124 |
| vs. | |
| ERIC V. MILLER, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the court on the defendant's motions for a sentence reduction under the retroactive sentencing Guidelines amendments promulgated pursuant to the Fair Sentencing Act, (FSA) Pub. L. 111–220, 124 Stat. 2372 (2010), Filing Nos. 108 & 110. The FSA changed the threshold quantity of crack cocaine required by § 841(b)(1)(A)(iii) from five grams to twenty-eight grams. *See id.*

The defendant was convicted of possession with intent to distribute more than 5 grams of cocaine base. Filing No. 30, Judgment. At the time of his sentencing hearing on January 19, 2007, Miller's offense carried a statutory penalty range of 5 to 40 years' imprisonment. 21 U.S.C. § 841(b)(1) (2007). The sentencing guidelines in place at the time of Miller's sentencing provided a base offense level of 26 for the crime. U.S.S.G. § 2D1.1 (2007). The record shows, however, that Miller was sentenced as a career offender. Filing No. 39, Presentence Investigation Report at 6. His base offense level was therefore 34, resulting in a sentencing range, after a downward adjustment to level 31 for acceptance of responsibility, of 188 to 235 months. *Id.* at 17. He was sentenced to 188 months imprisonment. Filing No. 30, Judgment.

The defendant argues that Congress intended the FSA's more lenient statutory penalties apply to § 3582(c) proceedings. *Dorsey v. United States*, 132 S. Ct. 2321,

2335 (2012). Miller also argues that "a sentence is 'based on' a lowered guideline if that guideline served 'as the basis or foundation for the term of imprisonment.'" *Freeman v. United States*, 131 U.S. 2625, 2695 (2011) (finding that a Rule 11(c)(1)(C) sentence may be reduced under 18 U.S.C. § 3582(C)(2)). Essentially, he argues that the decision in *Freeman* overrules the Eighth Circuit's previous cases holding that career offenders are ineligible for sentence reductions under 18 U.S.C. § 3582(c)(2). *See, e.g., United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008). He contends that application of the provisions of the Fair Sentencing Act would reduce his career offender base offense level to 31 and his guideline range to 151 to 188 months imprisonment.

The Eighth Circuit Court of Appeals has rejected Miller's argument. *See United States v. Harris*, 688 F.3d 950, 955 (8th Cir. 2012). In the Eighth Circuit, a defendant sentenced under the career offender guidelines is not eligible for a sentence reduction under § 3582(c)(2) based on the Fair Sentencing Act and Guidelines amendments promulgated thereunder. *Id.* A career offender's sentence is not "based on the crack-cocaine guidelines but, rather, on the applicable career-offender range." *Id.* (finding that *Freeman* has no application to a career offender's sentence); *see also* U.S.S.G. § 1B1.10 cmt. n. 1(A); *United States v. Bonds*, 468 Fed. App'x 620, 620 (7th Cir. 2012) ("*Freeman* has nothing to do with how retroactive amendments affect career offenders.").

Under Eighth Circuit precedent, the court finds that Miller is not entitled to a sentence reduction under § 3582(c)(2). As in *Harris*, Miller's sentence was based on the career offender guidelines, and not the drug quantity Guidelines. Accordingly,

2

3

IT IS ORDERED that the defendant's motions for a reduction of sentence, Filing Nos. 108 and 110, are denied.

Dated this 10th day of April, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge